**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                          CASE NO:  8:14-Cr-244-T-23EAJ

JUNIOR ALVAREZ VERA
_____/

**O R D E R**

THIS cause comes on for consideration of the Government's Motion
to Sentence Defendant in Absentia (D-69), and Defendant's objection
thereto (D-70).

On September 11, 2014, Defendant pled guilty to Counts One and Two
of the Indictment before United States Magistrate Judge Elizabeth A.
Jenkins.  By order dated September 30, 2014, the Court accepted
Defendant's plea of guilty and adjudged him guilty of the offenses.
The Court scheduled Defendant's sentencing for December 15, 2014.  (D-
58.)

According to Pretrial Services, on October 5, 2014, Defendant, a
Cuban national who was residing in Miami, absconded from pretrial
supervision.  On October 15, 2014, the Court ordered that a warrant be
issued for Defendant's arrest pursuant to 18 U.S.C. § 3148 for
violation of conditions of release.  (D-63.)  A warrant for Defendant's
arrest was issued October 16, 2014.  (D-64.)  To date, Defendant has
not been arrested, and his current whereabouts are unknown.

The Government seeks the Court to sentence Defendant in absentia
if he does not appear for his December 15, 2014 sentencing hearing.
The Government argues that, if Defendant fails to appear, he will have
waived his right to be present at his sentencing hearing pursuant to

Fed.R.Crim.P. 43.

Defense counsel argues that the date on which Defendant absconded cannot be conclusively determined and, as such, it cannot be determined whether the Defendant had notice of the sentencing hearing.[1]  Defense counsel further argues that, as a result, it cannot be determined whether Defendant's absence constitutes a knowing and voluntary waiver of his right to be present at sentencing.

Rule 43(c)(1)(b) and (2), Fed.R.Crim.P., provides that the court may sentence a defendant in absentia who was present for his guilty plea but is voluntarily absent during sentencing.  Rule 43 was amended in 1995 to "make clear that a defendant ...who has entered a plea of guilty or nolo contendere, but who voluntarily flees before sentencing, may nonetheless be sentenced in absentia."  Fed.R.Crim.P. 43, advisory committee notes.  Before sentencing a defendant in absentia, the Court must make a finding that the defendant is voluntarily absent.  United Sates v. Jordan, 216 F.3d 1248, 1249-50 (11th Cir. 2000)

A defendant's escape from custody constitutes a waiver of an voluntary absence from sentencing.  Id.  Additionally, "a defendant impliedly waives his right to be present by absconding before sentencing."  United States v. Lawrence, 248 F.3d 300, 305 (4th Cir. 2001).

As the question of whether Defendant is voluntarily absent is a factual one, the Court will conduct an evidentiary hearing on the

---

[1] United States Probation Officer Nora Cruz for the Southern District of Florida advised this Court that Defendant was aware of his sentencing date.  She did provide this Court with the date on which Defendant was advised of his sentencing date or the manner by which he was notified of his sentencing date.

issue.  If the Court determines that the Defendant is voluntarily absent and should be sentenced in absentia, the sentencing hearing will be conducted immediately after the conclusion of the evidentiary hearing.

IT IS therefore ORDERED that:

1)  The Government's Motion to Sentence Defendant is Absentia is DEFERRED (D-69) pending an evidentiary hearing on the issue of whether Defendant is voluntarily absent and should be sentenced in absentia.

2)  The evidentiary hearing shall be held on December 15, 2014 at 10:30 a.m. in the Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Courtroom 17.  In the event the Court determines that Defendant is voluntarily absent and should be sentenced in absentia, the sentencing hearing will be conducted at the conclusion of the evidentiary hearing.

DONE AND ORDERED in Tampa, Florida, this 10th day of November, 2014.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE